Mandeville and another v. Arnoult, Executor.

---

EULALIE MANDEVILLE and another v. FRANÇOIS JEAN ARNOULT, Testamentary Executor of the will of Pierre Gervais Arnoult, deceased.

An heir cannot be compelled to accept the payment of his share in the succession, in depreciated notes of a bank in which the executor had deposited the funds of the estate, where the deposit was made after the bank had suspended specie payments.

Where the executor suffers funds of the succession, all the debts of which had not been paid, to lie on deposit in bank for more than two years, and until a suspension of specie payments, he will be responsible to the heirs for any loss occasioned thereby, on the ground of want of reasonable care and diligence.

APPEAL from the Court of Probates of Jefferson, *Smith*, J.

*Morel* and *Labarre*, for the plaintiffs.

*Roselius*, for the appellant.

GARLAND, J. The defendant is the testamentary executor of his deceased father, and has rendered his final account, by which it appears that the sum of $5688 48 was due in cash to J. B. G. Arnoult, one of the heirs, who has transferred the demand

in equal portions to the plaintiffs. They allege that the defendant refuses to pay the money to them, although more than three months have elapsed ; they, therefore, call on him to show cause why an execution should not issue against him personally, according to article 993 of the Code of Practice, to enforce the payment of the aforesaid sum, or so much as will pay each complainant the sum of $2,503 50, with ten per cent interest per annum from the 5th of May, 1841, until paid.

The defendant, for answer, avers that he has paid nearly all the debts owing by the succession, and is perfectly willing to pay all such as may be legal and just ; but that the funds remaining in his hands as executor, are deposited in the Citizens Bank of Louisiana, and were so deposited and kept according to law. That he is willing to give the plaintiffs a check on the said bank for the sum due to them, which they refuse to accept, alleging that they are not bound to do so. He, therefore, prays that the plaintiffs may be decreed to receive the said check in discharge of their demands, and that he be released from them.

On the trial, the plaintiffs filed an authentic act of transfer to them of the debt, and proved by a witness that, in the early part of June, 1842, the Citizens Bank suspended specie payment and has never since resumed, and that it is now in a course of liquidation. The defendant offered as evidence a bank book in his own name, for the purpose of showing the state of his account with the bank, as executor. This was objected to by the counsel for the plaintiffs, on the ground that the defendant was, by law, bound to keep a book as executor, and could not be permitted to mingle the funds of the succession with those of his own ; but the court overruled the objection, and " admitted the book as evidence, to prove any thing for which it is sufficient, without deciding that it is proof that the executor has complied with the law of 1837." The defendant then gave in evidence a certificate of the present Cashier of the Bank, which states, " that there appears on the books of this Bank, to the credit of F. J. Arnoult, *testamentary executor of G. Arnoult*, the sum of four thousand three hundred and eighty-six dollars and eighty-

nine cents ($4,386 89), and that said sum was deposited at different times to the credit of said account."

Upon this evidence and an examination of the bank book, the court below ordered an execution to issue for the sum stated, with interest as claimed, and the defendant has appealed.

The first question that presents itself, is contained in the bill of exceptions taken to admitting the defendant's bank book as evidence, it not being kept in his name as executor, but in his individual name. Had not the book been accompanied by the certificate of the cashier of the bank, that there was an account in the name of the succession on the books, we think it very questionable whether the book should have been received, even in the restricted sense imposed by the court. The object of the legislature in requiring executors and other fiduciaries, to keep a bank-book and a separate book of accounts, is to enable creditors, and other interested persons, to see with as much facility as possible, what is the situation of the estate under administration, and also to enable the judge to exercise the proper control over the officer responsible to him. Individual and official accounts should not be mingled; but, under the circumstances of this case, we cannot say that the judge erred in admitting the book.

The certificate of the cashier of the bank is by no means as satisfactory, as a copy of the account would have been. It merely states the balance to the credit of the estate, without giving the date of any deposite, or the amount of any check paid. By reference to the bank-book, it will be seen that this balance is made up of two items. One is a deposite of $3,745, made on 21st July, 1842, some forty or fifty days after the bank had finally suspended payment. The other is a sum of $628 89, which had been standing as a balance since June, 1840, and not used to discharge debts still owing. The bank paid specie during a portion of the time, and no effort is shown to have been made to get any creditor to accept this balance, or to withdraw it.

As to the sum of $3,745, we are clearly of opinion, that the creditors of the estate cannot be compelled to receive it in Citizens Bank notes. That sum was deposited after the suspension

of specie payments. It is too incredible to be assumed, without strong evidence, that this sum was deposited in specie, or even in the notes of a good bank; it is, therefore, rational to suppose, that the notes of the Citizens Bank were deposited, and if the defendant thought proper to receive them in payment after it was known that the bank had suspended its payments, he is alone responsible, and cannot compel the creditors of the succession to take depreciated paper.

As to the sum of $628 89, the question is different, and depends upon other circumstances. The law requires executors, administrators, &c., to deposite the funds collected by them in particular banks, and to keep a regular account. When they do so, and exercise a reasonable care and diligence as to the solvency of the bank, and manifest a proper desire to pay the debts and legacies, when they have funds on hand to do so, we shall feel disposed to extend to them all the protection the law can give them; but in this case, we are of opinion that such reasonable care, diligence and promptitude has not been shown. It is admitted that all the debts are not paid; yet the sum of $628 89, is permitted to lie two years or more in the bank, until payments in specie are suspended, and then the executor wishes to pay those creditors, who so long have been kept out of their money, in a currency much depreciated.

*Judgment affirmed.*